#### IN RE: EASYSAVER REWARDS MARKETING AND SALES PRACTICES LITIGATION.

#### MDL No. 2161.

United States Judicial Panel on Multidistrict Litigation.

June 4, 2010.

at ¶ 7.)

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and BARBARA S. JONES, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendant Provide Commerce, Inc., has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of California. Plaintiffs in the consolidated Southern District of California action support the motion. Defendant Regent Group, Inc., supports the motion or, alternatively, suggests centralization in the Southern District of Texas. Plaintiff in the District of New Jersey action opposes centralization.

This litigation currently consists of three actions listed on Schedule A and pending in two districts: two actions in the Southern District of California and one action in the District of New Jersey.[1]

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given that, in essence, only two actions are now pending in two districts, the proponents of centralization have failed to convince us that any factual questions shared by these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2161—**IN RE: EASYSAVER REWARDS MARKETING AND SALES PRACTICES LITIGATION**

*Southern District of California*
    *In Re EasySaver Rewards Litigation,* C.A. No. 3:09–2094
    *Josue Romero, et al. v. Provide Commerce, Inc., et al.,* C.A. No. 3:09–2111

*District of New Jersey*
    *Alissa Herbst v. Encore Marketing International, Inc., et al.,* C.A. No. 2:10–870

---

1. The Southern District of California actions are consolidated under the name *In Re Easy-Saver Rewards Litigation,* but the court did not close the remaining *Romero* action and it remains open and subject to centralization.